IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RALPH JACKSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-22-440 |
| GAIL WATTS, *et al.*, | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM

Plaintiff Ralph Jackson filed the above-captioned Complaint on February 18, 2022 (ECF 1), and supplemented it on March 24, 2022 (ECF 4), and April 25, 2022. ECF 9. He presents claims against Baltimore County Detention Center ("BCDC") Director Gail Watts; Sgt. Dupree; Sgt. Bond; Sgt. G. Carter; Major Alford; and Officer J. Dorsey (collectively, the "County Defendants"), as well as Dr. Zowie Barnes. Specifically, Jackson claims that during his incarceration at BCDC, Sgt. Dupree failed to protect him from being assaulted by other inmates; Sgt. Dupree and Sgt. Bond caused him to be infected with the Covid-19 virus after failing to transfer him to a different housing unit; Sgt. Carter and Officer Dorsey provided him with cold food and food that he could not eat; Major Alford has denied him participation in religious services; and Dr. Barnes is deliberately indifferent to his medical needs. *Id.*

Pending before the court are Dr. Barnes's "First Motion For Enlargement Of Time," as to the response to plaintiff's Complaint (ECF 11); Dr. Barnes's "Motion to Consolidate" as to Cases ELH-22-440 and LKG-22-439 (ECF 12); and Dr. Barnes's "Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)." ECF 16. Also pending is Jackson's "Motion To Reopen 1983 Claim Pleading" (ECF 19) and his "Motion For Pleading Of Proff [sic] & Representation To Appoint Counsel." ECF 23. The court shall address each motion, in turn.

In the motion for extension, Dr. Barnes seeks an enlargement of time until July 18, 2022, to respond to the Complaint. ECF 11. Because Dr. Barnes has since filed a dispositive motion in response to Jackson's allegations, the motion for extension shall be granted, *nunc pro tunc*.

In the motion to consolidate (ECF 12), Dr. Barnes requests the consolidation of *Jackson v. Watts, et al.*, Civil Action LKG-22-439 ("*Jackson I*") with the instant case ("*Jackson II*"). Although both cases were instituted on the same day, February 18, 2022, the initial Complaint in *Jackson I* alleged that Watts and Dr. Barnes were deliberately indifferent to his medical needs, whereas the initial Complaint in *Jackson II* raised claims pertaining to failure to protect, conditions of confinement, and First Amendment issues as to Watts. It was not until Jackson filed a supplement on March 24, 2022, that Dr. Barnes was named as a defendant in *Jackson II*. ECF 4.

In the supplement, Jackson repeats the same claims against Dr. Barnes that he raised in *Jackson I*, which remains pending. In federal district courts, "the general principle is to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (citations omitted). Thus, Jackson's claims against Dr. Barnes in the instant suit shall be dismissed, and they shall proceed only in *Jackson I*. *See Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 452 F. Supp. 2d 621, 626 (D. Md. 2006) ("It is undisputed that it is within a district court's power to . . . dismiss a suit that is duplicative of another federal court suit."), *aff'd*, 273 F. App'x 256 (4th Cir. 2008). In light of this ruling, Dr. Barnes's motion to consolidate shall be denied, as moot. And, because Dr. Barnes has already filed a motion to dismiss in *Jackson I*, I shall deny the motion to dismiss as to *Jackson II*, without prejudice.

Jackson has filed a motion to reopen in response to Dr. Barnes's motion to dismiss. ECF 19. Because the instant case has not been fully adjudicated or closed, Jackson's motion is premature and shall be denied on that basis.

Jackson has also filed a second motion to appoint counsel; his first motion was denied, without prejudice. ECF 22; *see also* ECF 8. In the renewed motion, Jackson claims that "Defendants continue to deny the facts" and he is "unable to gather things he needs for discovery." ECF 23.

A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987); *Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). Exceptional circumstances exist where a pro se litigant "has a colorable claim but lacks the capacity to present it." *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989).

Throughout the course of this litigation, Jackson has continuously demonstrated the wherewithal either to articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. He has been able to respond to defendants' pleadings and has submitted relevant exhibits on his behalf. Moreover, the issues pending before the court are not unduly complicated, and there are no exceptional circumstances that would warrant the appointment of an attorney to represent Jackson under §1915(e)(1) at this time. Therefore, I will again deny plaintiff's request for appointment of counsel, without prejudice. However, Jackson will be granted until January 27, 2023, to file a response to the County Defendants' motion to dismiss, or in the alternative, for summary judgment (ECF 21), which remains pending.

An Order follows.

Date: January 3, 2023

/s/
Ellen L. Hollander
United States District Judge